IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID LEWIS, # 637812,<br><br>Petitioner,<br><br>v.<br><br>DEMETRIC GODFREY,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 3:25-cv-00699<br><br>Judge Richardson |

**MEMORANDUM OPINION AND ORDER**

Petitioner Michael Lewis filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his February 2022 convictions for statutory rape by an authority figure. (Doc. No. 6). Respondent has moved to dismiss the petition as untimely. (Doc. No. 18). However, Respondent's motion is premised on an incorrect calculation of Petitioner's statutory deadline. Petitioner's response, in turn, seeks equitable tolling based on Respondent's incorrectly calculated deadline. Accordingly, as explained below, Respondent's motion to dismiss will be denied, but Petitioner will be ordered to show cause why the Petition should not be dismissed as untimely based on the correct deadline.

## I. Procedural and Factual Background

Pursuant to a plea agreement, Petitioner pled guilty in the Circuit Court for Rutherford County to four counts of statutory rape by an authority figure. *Lewis v. State*, No. M2023-01659-CCA-R3-PC, 2024 WL 3738646, at *1 (Tenn. Crim. App. Aug. 9, 2024). The trial court sentenced Petitioner to four consecutive five-year terms, for a combined 20-year sentence. *Id.* at *4. The trial court entered judgment on February 14, 2022. *Id.* Petitioner did not appeal.

Petitioner filed a state post-conviction petition on January 24, 2023. *Id.* After an evidentiary hearing, the trial court denied relief. *Id.* at *8. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed. *Id.* at *11. The Tennessee Supreme Court denied permission to appeal on January 23, 2025. (Doc. No. 6 at 3−4).

On June 24, 2025, Petitioner's mother submitted on Petitioner's behalf a petition for writ of habeas corpus in this Court. (Doc. No. 1). On the same day, the Court notified Petitioner and his mother that Petitioner's mother may not represent him in federal court unless she is a licensed attorney. (Doc. No. 4). On July 22, 2025, Petitioner filed a 28 U.S.C. § 2254 petition on his own behalf. (Doc. No. 6). Respondent filed a motion to dismiss the petition as untimely (Doc. Nos. 18, 18-1). Petitioner filed a Response, arguing that he is entitled to equitable tolling (Doc. No. 19).

## II. Applicable Law

Because Petitioner is in custody pursuant to the judgment of a state court, his petition for writ of habeas corpus is subject to the statute of limitations set forth in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Even if a petition is untimely under the statute, a petitioner may be entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Sufficiently "serious instances of attorney misconduct" may constitute extraordinary circumstances for equitable tolling purposes. *Holland v. Florida*, 560 U.S. 631, 652 (2010). "[A] garden variety claim of attorney negligence" is not enough. *Id.* (quotation marks omitted). In contrast, if "an attorney abandons his client without notice," that likely qualifies. *Maples v. Thomas*, 565 U.S. 266, 281 (2012). In between, there remains an open question regarding the level of misconduct that may constitute an extraordinary circumstance. *See Hemwell v. Douglas*, 183 F.4th 469, 474 (6th Cir. 2026) (noting a circuit split on the question of whether "egregious misconduct create an extraordinary circumstance if it rises above ordinary negligence but falls below complete abandonment," but resolving the appeal on other grounds).

## III. Analysis

Judgment was entered on Petitioner's convictions on February 14, 2022. *Lewis*, 2024 WL 3738646, at *1. The convictions became final on March 16, 2022, the last day he could have filed a timely notice of appeal. *See* Tenn. R. App. P. 4(a) (setting 30-day deadline to file notice of appeal); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (if a petitioner does not pursue direct appeal of his conviction to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2254(d)(1)(A)).

The limitation period began running the next day, on March 17, 2022, and ran for 313 days until Petitioner filed a state post-conviction petition on January 24, 2023. *Lewis*, 2024 WL 3738646, at *4. Petitioner appealed the denial of post-conviction relief and sought permission to appeal in the Tennessee Supreme Court. (Doc. No. 6 at 3−4). The Tennessee Supreme Court denied permission to appeal on January 23, 2025. (*Id.* at 4).

Respondent asserts that the limitation period was tolled until "at the latest, April 23, 2025," the deadline for Petitioner to file a petition for writ of certiorari in the United States Supreme Court. (Doc. No. 18-1 at 14). However, "[a]fter the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). "When the state courts have issued a final judgment on a state application, it is no longer pending even if a prisoner has additional time for seeking review of that judgment through a petition for certiorari." *Id.* at 334.

Thus, in Petitioner's case, Section 2244(d)(2) tolling ended on January 23, 2025, when the Tennessee Supreme Court denied permission to appeal on post-conviction review. With 52 days remaining, the limitation began to run again on January 24, 2025. The 52nd day was Sunday, March 16, 2025. Thus, Petitioner's deadline to file a timely Section 2254 petition was Monday, March 17, 2025. *See Giles v. Beckstrom*, 826 F.3d 321, 324 (6th Cir. 2016) (applying Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure to Section 2244 limitation period).

In the Motion to Dismiss, calculates that Petitioner's deadline "expired at the latest on June 15, 2025."[1] (Doc. No. 18-1 at 14). Petitioner relied on this calculation in his Response, arguing for

[1] In so doing, Respondent actually errs, to his *own* disadvantage, in favor of giving Petitioner a later deadline than Petitioner actually had.

equitable tolling from that (*incorrect*) date (June 15, 2024) until the date he filed his Section 2254 petition. (Doc. No. 19 at 2−4).

As noted, Petitioner's Section 2254 petition is untimely based on the correct deadline of March 17, 2025, making that petition even more untimely than it is based on the incorrectly calculated deadline of June 15, 2025. However, due to Petitioner's reliance on the misleading calculation in Respondent's Motion to Dismiss, the Court does not have sufficient information to resolve the question of equitable tolling. Accordingly, Respondent's Motion to Dismiss will be denied without prejudice, but Petitioner will be ordered to show cause why this action should not be dismissed as untimely. To avoid dismissal, Petitioner must demonstrate that equitable tolling is appropriate from his (actual) deadline of March 17, 2025, through either June 24, 2025 (when his mother filed a petition on his behalf)[2] or July 14, 2025 (when he signed and submitted the Section 2254 petition on his own behalf).

## IV. Conclusion

Respondent's Motion to Dismiss (Doc. No. 18) is **DENIED** without prejudice. Respondent's Motion to Waive Filing of Complete State-Court Record (Doc. No. 17) is **GRANTED**. However, Respondent yet may be required to submit the complete state-court record at a later stage of proceedings. Petitioner **SHALL** show cause within **30 days** of the entry of this Order why this action should not be dismissed as untimely.

[2] To rely on the June 24 filing date, Petitioner must demonstrate that his Section 2254 petition was properly filed on June 24, 2025, and that the claims in his July 14 petition "relate back" under Rule 15(c) of the Federal Rules of Civil Procedure. The Court herein makes no findings on these requirements and declines to provide further context for (or explication regarding) those requirements, leaving it to the parties to flesh them out—as is appropriate under our adversarial system of litigation.

The Court notes that Respondent Demetric Godfrey is Warden at Hardeman County Correctional Facility, where Petitioner is incarcerated. The Clerk **SHALL** terminate the duplicative "Warden of Hardeman County Correctional Facility" as a Respondent on the docket.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE